**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

**RANDY RUDDLE, JP BRYANT,**
**and DUSTIN BENSON,**

Plaintiffs

v.                                                    **Case No.**_____

**ZAYO GROUP, LLC., ARK LA TEX**
**CONSTRUCTION, LLC, and NETWAY**
**PRODUCTIONS, LLC.,**                                 **JURY DEMANDED**

Defendants.

## COMPLAINT FOR DAMAGES

COMES now the Plaintiffs, Randy Ruddle, JP Bryant, and Dustin Benson, and hereby complains as follows against the Defendants:

### I.  NATURE OF THE ACTION

1.      This is a Complaint brought against Defendants Zayo Group LLC, ARK LA TEX Construction, LLC, and Netway Productions, LLC ("the  Defendants") under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*., to recover unpaid minimum wages and overtime owed to Plaintiffs.

2.      This action also alleges a breach of contract under Tennessee state law to recover unpaid contractual wages or unjust enrichment/quantum meruit compensation owed to the Plaintiffs.

### II.  PARTIES

3.      The foregoing paragraphs are incorporated herein as if set forth in their entirety.

1

4. Plaintiff Randy Ruddle worked as a supervisor for Defendants in Tennessee. He regularly worked more than forty (40) hours per week, was not compensated for his work, and did not receive overtime premium pay during the relevant period.

5. Plaintiff JP Bryant worked as a lineman for Defendants in Tennessee. He regularly worked more than forty (40) hours per week, was not compensated for his work, and did not receive overtime premium pay during the relevant period.

6. Plaintiff Dustin Benson worked as a lineman for Defendants in Tennessee. He regularly worked more than forty (40) hours per week, was not compensated for his work, and did not receive overtime premium pay during the relevant period.

7. Defendant Zayo Group LLC is a Delaware for-profit LLC with its principal place of business located at 1821 30th St., Ste A, Boulder, CO 80301. It may be served via its registered agent, Corporation Service Company, 2908 Poston Ave., Nashville, TN 37203.

8. Defendant ARK LA TEX Construction, LLC is a Louisiana for-profit LLC with its principal place of business at 100 Crown Ct., Bossier City, LA 71112. It may be served via its registered agent, Carey D. Kleinpeter, at 206 Shadow Ridge Dr., Bossier City, LA 71112.

9. Defendant Netway Productions, LLC is a for-profit Ohio corporation with its principal place of business at PO Box 54984, Cincinnati, Ohio 45254. It may be served via its registered agent, Nicholas Netherton, at 6106 Stirrup Rd, Cincinnati, OH 45244.

### III. JURISDICTION AND VENUE

10. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

11. This Court has jurisdiction over the claims asserted in this action pursuant to 28 U.S.C. §1331, federal question jurisdiction.

12. Venue is proper in this Court under 28 U.S.C. §§1391(b)(2) and 1391(c) because a substantial part of the events giving rise to the claim occurred within this judicial district.

13. This court has jurisdiction over the Tennessee breach of contract claim herein under 28 U.S.C. § 1367 because the claims are so related to claims in this action within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## V. FACTUAL ALLEGATIONS

15. On July 24th, 2024, a strong thunderstorm destroyed telephone poles and knocked out telecommunications in certain areas in Memphis, Tennessee.

16. Defendant Zayo Group, LLC hired Defendant ARK LA TEX Construction, LLC, to repair the destroyed telecommunication equipment.

17. Defendant ARK LA TEX Construction, LLC hired Netway Productions, LLC, to provide the repair crew.

18. Defendant Netway Productions, LLC hired the Plaintiffs to perform the required repair work. The Plaintiffs were informed they would be paid a specified hourly wage for all work performed.

19. Plaintiffs performed manual labor directed by a KMZ file provided by Defendant Zayo Group, LLC from approximately July 24, 2023, to August 14, 2023. Plaintiffs worked 10-12 hours a day, 6 days a week, regularly exceeding 40 hours per week during this period.

20. Defendants either failed to record or "edited out" compensable work hours, including overtime hours, of Plaintiffs.

21. Thus, Defendants did not compensate Plaintiffs for all their compensable work hours at the applicable FLSA minimum wage and overtime compensation rates of pay within weekly

pay periods during all times material.

22.    In fact, the Plaintiffs were not paid at all for the work they performed for the Defendants.

23.    Defendants were aware that they failed to compensate Plaintiffs and continued to benefit from their labor without providing the agreed-upon payment.

24.    Defendants also have been aware that by failing to compensate Plaintiffs for all their work time, it has breached its unilateral wage contracts with them for the payment of all work hours and unjustly enriched itself at their expense.

25.    Defendant's failure to pay the Plaintiffs the minimum wages and overtime compensation they were owed was willful, reckless disregard for the FLSA overtime requirements and without a good faith basis.

26.    Plaintiffs are entitled to a recovery from Defendants of all their unpaid minimum wages, overtime compensation and contractual compensation, liquidated damages, attorneys' fees, interest, and other costs, fees, and expenses available to them.

## BREACH OF CONTRACT  ALLEGATIONS

27.    Defendants promised Plaintiffs they would be compensated at a specified hourly rate of pay for all hours of work performed within weekly pay periods during all times material.

28.    Plaintiffs fulfilled their acceptance of such promises by performing the required work directed by the Defendants. However, the Defendants failed to pay the Plaintiffs the promised wages for the work performed within weekly pay periods at all material times.

29.    Alternatively, Plaintiffs assert an unjust enrichment/quantum meruit claim. Plaintiffs provided valuable services, which Defendants accepted, with the reasonable expectation of

payment.

## COUNT I
## FAIR LABOR STANDARDS ACT VIOLATIONS

30. Plaintiffs repeat and re-allege Paragraphs 1 through 29 above as if they were fully set forth herein.

31. Defendants' failure to pay Plaintiffs for all their hours worked within weekly pay periods at the applicable FLSA minimum wage and overtime compensation rates of pay has violated the FLSA.

32. Defendants have had actual knowledge of failing to pay Plaintiffs all the applicable FLSA minimum wages and overtime compensation to which they are entitled.

33. Defendants' conduct was willful, with reckless disregard to clearly established FLSA compensation requirements.

34. Defendants' violations were without a good faith basis.

35. Plaintiffs, therefore, are entitled, and hereby seek, to recover compensation from Defendant, unpaid minimum wages, and overtime compensation as required by the FLSA and an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT II
## BREACH OF CONTRACT

36. Plaintiffs repeat and re-allege Paragraphs 1 through 35 above as if they were fully set forth herein.

37. Plaintiffs assert a breach of contract claim because Defendants entered into valid and enforceable unilateral wage contracts with them pursuant to Tennessee common law.

38. Defendants offered to compensate Plaintiffs at a specified hourly wage within weekly pay periods for all work performed on their behalf.

39. Plaintiffs accepted Defendants' offer to pay them a specified hourly wage for all work performed within weekly pay periods by performing such work during all times material.

40. However, Defendants breached its obligations under the said contracts by failing to pay Plaintiff the agreed-upon hourly compensation for all such hours they performed.

41. In addition to breach-of-contract claims, the Plaintiffs assert a quantum meruit/unjust enrichment claim that they provided valuable services to the Defendants.

42. Defendants accepted their services and had reasonable notice that Plaintiffs expected to be compensated for the work they performed on behalf of Defendants.

43. The reasonable value of such services provided to Defendants by Plaintiffs is consistent with the additional hourly rate of pay promised to them because Defendants benefitted to such degree or more from their work.

44. Defendants were aware it failed to pay Plaintiffs all the money owed them under the aforementioned wage contracts.

## **PRAYER FOR RELIEF**

Whereas Plaintiffs request this Court to grant the following relief against Defendants:

A. For an Order finding Defendants liable under the FLSA for unpaid minimum wages and overtime compensation due to Plaintiffs and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiffs;

B. An award of damages associated with Defendants' breach of contract or, in the alternative, damages associated with their quantum meruit/unjust enrichment claims.

C.      An award of all contractually agreed-upon wages;

D.      For an Order finding that Defendants' violations of the FLSA were willful.

E.      An award of prejudgment and post-judgment interest at the applicable legal rate to Plaintiffs;

F.      An award of costs, expenses, and disbursements relating to this action, together with reasonable attorneys' fees and expert fees to Plaintiffs;

G.      Such other general and specific relief as this Court deems just and proper.

**JURY TRIAL DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a **TRIAL BY JURY** on all issues so triable.

January 14, 2025

Respectfully Submitted

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
Joshua Autry (TN BPR#41423)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*jleatherwood@jsyc.com*
*jautry@jsyc.com*

*Attorneys for Plaintiffs*