IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

RANDY RUDDLE,
JP BRYANT
DUSTIN BENSON,

    Plaintiffs,

v.    Case No.  2:25-cv-2034-MSN-atc

ZAYO GROUP, LLC,
ARK LA TEX CONSTRUCTION, LLC,
NETWAY PRODUCTIONS, LLC,
TEAM ARKLATEX, LLC, and
MASON HARDING,

    Defendants.

### ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS DEFENDANT ZAYO GROUP, LLC AND DENYING ZAYO GROUP, LLC'S MOTION TO DISMISS AS MOOT

    Plaintiffs ask the Court to dismiss Defendant Zayo Group, LLC ("Zayo") from this matter because they believe that Zayo "is not a necessary party to the current stage of litigation." (ECF No. 18.) Plaintiffs say that dismissal will not prejudice any party and is sought "solely for the purposes of procedural efficiency and to avoid unnecessary litigation costs." (*Id.*) Plaintiffs failed to include a Certificate of Consultation with their motion as required by Local Rule 7.2(a)(1)(B).[1] Zayo, however, has not responded in opposition to the request for its dismissal, and its deadline

---

[1] A Certificate of Consultation is not required for a motion made pursuant to Federal Rules of Civil Procedure 12, 56, 59, and 60. *See* Local Rule 7.2(a)(1)(B). Plaintiffs have moved pursuant to Rule 21, so a Certificate of Consultation was required. Counsel is reminded that failure to include the requisite certification "may be deemed good grounds for denying the motion." *Id.*

for doing so has passed.

Rule 21 of the Federal Rules of Civil Procedure provides the appropriate basis for dismissal of a single party. *See Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961) ("[W]e think that [Rule 21] is the one under which any action to eliminate" a single party should be taken.); *see also Lester v. Wow Car Co., Ltd.*, No. 2:11-cv-850, 2012 WL 1758019, at *2 n.2 (S.D. Ohio May 16, 2012) ("[T]he Sixth Circuit has suggested that dismissal of an individual party, as opposed to an entire action, is properly conducted pursuant to Rule 21, not Rule 41." (*citing Letherer v. Alger Group, LLC*, 328 F.3d 262, 266 (6th Cir. 2003), overruled on other grounds by *Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir. 2008))). The rule provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. When evaluating a motion to dismiss under Rule 21, "courts consider whether allowing withdrawal would be unduly prejudicial to the nonmoving party." *Arnold v. Heyns*, No. 13-14137, 2015 WL 1131767, at *4 (E.D. Mich. Mar. 11, 2015). Because Zayo didn't timely respond in opposition to Plaintiffs' motion, the Court treats the motion as unopposed. Because of that, he Court finds that Zayo will not suffer legal prejudice as a result of Plaintiffs voluntarily dismissing their claims against Zayo.

Accordingly, it is **ORDERED** as follows:

(1)  Plaintiffs' Motion to Dismiss Defendant Zayo Group, LLC (ECF No. 18) **GRANTED**,

(2)  All of Plaintiffs' claims against Zayo Group, LLC are **DISMISSED WITHOUT PREJUDICE**, and

(3)  Zayo Group, LLC's Motion to Dismiss (ECF No. 15) is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 29th day of April 2025.

                                          *s/ Mark S. Norris*
                                          MARK S. NORRIS
                                          UNITED STATES DISTRICT JUDGE